MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV 89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEAN WALKER,<br><br>    Plaintiff,<br><br>vs.<br><br>MONTEREY FINANCIAL SERVICES LLC<br><br>    Defendant. | ) <br> ) <br> ) <br> ) No. <br> ) <br> ) <br> ) <br> ) JURY DEMANDED <br> ) <br> ) |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant(s) perpetrated therein.

### PRELIMINARY STATEMENT

2. This action is instituted in accordance with and to remedy Defendant's violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

3. In 2017, Defendant initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in North Las Vegas, Nevada.

4. As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

## PARTIES

5. Plaintiff, Jean Walker, is a natural person who resides in North Las Vegas, Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6. Defendant, Monterey Financial Services LLC, is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Oceanside, CA, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, realleges and asserts all factual allegations contained in the preliminary statement to this Complaint and reasserts them as incorporated in full herein.

8. During 2017 Plaintiff became aware of Defendant's adverse collection account on both her and her spouse's credit profiles.

9. On October 5, 2017 Plaintiff wrote Defendant requesting validation (Exhibit 1).

10. Exhibit 1 additionally *clearly imparted* Defendant was to Cease and Desist all other contacts until such time validation was first provided.

11. On October 18, 2017 Defendant provided its written response (Exhibit 2).

12. In Exhibit 2 Defendant *did not* provide the requested validation.

13. Instead it provided its response as to why it *was not required* to provide validation.

14. Defendant additionally advised Plaintiff the underlying account remained due, "this defaulted account will continue to be due."

15. Defendant then expressed "[p]lease contact our office *to resolve the defaulted balance.*"

16. Defendant's demand for payment in the presence of an explicit cease and desist letter was made in violation of FDCPA §§ 1692c and 1692d, *Montgomery v. Shermeta, Adams & Von Allmen, P.C.*, 885 F.Supp.2d 849, 855-56 (2012).

17. Exhibit 2 additionally violated § 1692c in that it exceeded the explicit constraints of Exhibit 1 – one additional mail contact providing validation *only*.

18. Exhibit 2 was sent in violation of FDCPA §§ 1692c and 1692d. *Cruz v. International Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012).

19. Plaintiff had previously disputed Defendant's account with Defendant.

20. Defendant is reporting its account on Plaintiff's credit profile sans any notation of dispute.

21. The presence of the subject tradeline on Plaintiff's credit profiles absent any notation of dispute violates FDCPA §§ 1692e and 1692e(8) and has impaired Plaintiff's access to financing. *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64 (1st Cir. 1998).

22. The foregoing acts and omissions of Defendant were undertaken by it willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

23. Indeed, the foregoing acts and omissions of Defendant were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

24. As a proximate result of the foregoing acts and omissions of Defendant, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

25. As a result of the foregoing acts and omissions of Defendant, and in order to punish Defendant for its outrageous and malicious conduct, as well as to deter it from committing similar acts in the future as part of its debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

///
///
///
///

## CAUSES OF ACTION

### COUNT I

26. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d and 1692e.

27. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### COUNT II

28. The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J. J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

29. Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

### JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Award actual damages.
2. Award punitive damages.
3. Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.
4. Award reasonable attorney fees.
5. Award costs.
6. Grant such other and further relief as it deems just and proper.

DATED: March 22, 2018

Respectfully submitted,

_____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV 89102
Attorney for Plaintiff

# *ELBERT & JEAN WALKER*

*October 5, 2017*

*Montery Financial Services Inc.*
*4095 Avenida De Laplata*
*Oceanside, CA 92056*

Re:   *Unknow Alleged Debt*

Acct # *502500344*

Please be advised that the above listed account *is disputed* in its entirety. Per the Fair Debt Collections Practice Act. Section 809b I am requesting validation of debt with my signature and the stipulation where I signed any type *Personal Guarante* .I am also requesting the last date of any transaction, charges and or payments received. Please don't send me a computer print out as that is not a valid validation and it will be disputed. If you are trying to collect on an alleged debt that is *past statue of limitations* you need to IMMEDIATELY cease all communications.

I request you to cease and decist any and all communication by phone, fax, mail or e-mail until such validation has been obtained. I will allow you to send the validation to me *by Mail only for one additional contact*

I await your response and please be advise any violations on your part will be dealt with in the appropriate venue for FDCPA infractions (Federal Court) if there has been any negative reporting on my credit report make sure you list this alleged debt as disputed or I will also be forced to file proceedings for violation of the Fair Credit Reporting Act.

Sincerely

Jean Walker

Cc: CFPB

Cc: State of Nevada Financial Institutions Division Department of Business and Industry

Cc: Nevada Attorney Generals Office

*122 N HOLDERRIETH BLVD #77*
*TOMBALL, TEXAS 77375*

EXHIBIT 1



**Monterey Collections**
4095 Avenida de la Plata
Oceanside, Ca. 92056

TELEPHONE: (877) 775-3091
FAX: (760) 639-3541

A division of Monterey Financial Services, LLC

**THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

WALKER, ELBERT and JEAN
122 N HOLDERRIETH BLVD UNIT 77
TOMBALL, TX 77375

October 18, 2017

Account# 502-500344
Contract# 15-182

Balance: $1,755.69

Client: Corporacion Villa Group

In response to your correspondence received, please note that per the FDCPA, you had 30 days from the date you were notified by Monterey Collections that your account had been placed with Monterey Collections, to request to dispute this debt. You failed to request for verification within the necessary time frame. Had you done so, the information would have been provided at that time.

Mrs. Walker acknowledged the debt in 2013 but at that time there was no arrangement to be made since you both fell into a financial hardship. Per your request, all calls from my office regarding the defaulted account with Corporacion Villa Group will cease. However, this defaulted account will continue to be due. Please contact our office to resolve the defaulted balance.

Trusting this is satisfactory,

Jorge Hernandez
Collections Representative
Monterey Collection Services
877-775-3091 x 1609

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

4095 Avenida De La Plata • Oceanside, CA 92056 • P.O. Box 5199, Oceanside, CA 92052
(760) 639-3500 • (800) 456-2225 • Fax (760) 639-3541
Web Site: www.montereyfinancial.com

**EXHIBIT 2**