1  **FRANK C. GILMORE (SBN 10052)**
   **fgilmore@rssblaw.com**
2  Robison, Sharp, Sullivan & Brust
   71 Washington Street
3  Reno, Nevada 89503
   Telephone:      (775) 329-3151
4  Facsimile:      (775) 329-7169

5  Attorneys for Defendant
   Monterey Financial Services LLC
6

7

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF NEVADA

10

11  JEAN WALKER                          CASE NO.:  2:18-cv-00530-APG-PAL

12           Plaintiff,                  **DEFENDANT MONTEREY FINANCIAL**
                                         **SERVICES, LLC'S MOTION FOR SUMMARY**
13        v.                             **JUDGMENT**

14  MONTEREY FINANCIAL SERVICES,         ORAL ARGUMENT REQUESTED
    LLC,
15
             Defendant.
16

17          **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

18        Defendant Monterey Financial Services, LLC ("MFS"), by and through its attorneys,

19  Robison, Sharp, Sullivan & Brust, brings its Motion for Summary Judgment, pursuant to Federal

20  Rule of Civil Procedure 56, requesting Plaintiff Jean Walker's Complaint be dismissed in its

21  entirety with prejudice.

22        This Motion is made based upon the Statement of Material Facts, the Declaration of

23  Shaun Lucas, the Declaration of Frank Gilmore, the Memorandum of Points and Authorities

24  attached hereto, and the pleadings and papers filed herein.

25        DATED:      September 7th 2018.

26                                       ROBISON, SHARP, SULLIVAN & BRUST
                                         71 Washington Street
27                                       Reno, Nevada 89503

28                                       By:   /s/ Frank C. Gilmore
                                         FRANK C. GILMORE

## STATEMENT OF MATERIAL FACTS

On March 22, 2018, Plaintiff Jean Walker ("Plaintiff") filed this lawsuit alleging that Defendant Monterey Financial Services LLC ("MFS") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Dkt. 1).

Plaintiff alleges that: (1) MFS's correspondence dated October 18, 2017 violated 15 U.S.C. §§ 1692c(c), 1692d; and (2) MFS continued to report Plaintiff's debt without any notation that the debt was disputed in violation of 15 U.S.C. § 1692(e). (Dkt. 1, ¶¶ 16, 21).

On November 22, 2013, MFS sent initial correspondence to Plaintiff. *See* Declaration of Shaun Lucas ("Lucas Dec."), Exhibit A. Plaintiff did not dispute the debt within thirty days. Lucas Dec., ¶ 4. Instead, on October 5, 2017, Plaintiff wrote a letter to MFS requesting validation of the debt. Lucas Dec., Exhibit B.

On October 18, 2017, MFS sent correspondence to Plaintiff responding to Plaintiff's validation request. Lucas Dec., Exhibit C. The letter stated: (1) Plaintiff did not request verification within 30 days of the initial correspondence; (2) all further communication from MFS will cease; and (3) that the debt remains due and Plaintiff can contact MFS to resolve the debt. Lucas Dec., Exhibit C.

Upon receipt of Plaintiff's October 5, 2017 correspondence, MFS modified its reporting to the Credit Reporting Agencies to reflect that Plaintiff's debt was disputed. Lucas Dec., ¶ 9.

## MEMORANDUM OF POINT AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

Plaintiff brings this lawsuit alleging that MFS violated the FDCPA. Specifically, Plaintiff contends that: (1) MFS's correspondence dated October 18, 2017 violated 15 U.S.C. §§ 1692c€ 1692d; and (2) MFS continued to report Plaintiff's debt without any notation that the debt was disputed in violation of 15 U.S.C. § 1692€ (Dkt. 1, ¶¶ 16, 21).

To the contrary, a plain review of MFS's correspondence dated October 18, 2017 shows that MFS complied with 15 U.S.C. § 1692c€ It is well established that correspondence to a debtor in response to a validation request that articulates collection will cease is not an FDCPA violation. Moreover, the Ninth Circuit has made clear that an offer or settlement is an example of

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1  a specific remedy within the meaning of the articulated exceptions in 15 U.S.C. § 1692c€

2      Plaintiff's 15 U.S.C. § 1692d cause of action similarly fails as Plaintiff does not articulate

3  a factual basis for her 15 U.S.C. § 1692d claim. 15 U.S.C. § 1692d was intended to prohibit

4  harassing efforts by debt collectors relating to the frequency of contact and/or the disparaging

5  and threatening nature of the contact, which are not present in this matter. In fact, Plaintiff's own

6  discovery responses admit that Plaintiff did not ever speak with a representative of MFS relating

7  to her debt. Simply put, Plaintiff's 15 U.S.C. § 1692d fails and must be dismissed.

8      Lastly, Plaintiff's 15 U.S.C. §§ 1692e claim fails because the record demonstrates that

9  MFS did report Plaintiff's debt as disputed. Plaintiff, realizing that MFS complied with 15

10  U.S.C. § 1692e, withdrew the factual assertion that Plaintiff's debt was reported without a

11  notation that it was disputed in response to MFS's Interrogatories. Put differently, Plaintiff has

12  effectively withdrawn her 15 U.S.C. § 1692€cause of action against MFS.

13      As further detailed below, MFS is entitled to summary judgment and accordingly,

14  Plaintiff's Complaint must be dismissed in its entirety.

15  **II.    ARGUMENT**

16      **A.    STANDARD OF LAW**

17      The Federal Rules of Civil Procedure provide for summary adjudication when the

18  pleadings, depositions, answers to interrogatories, and admissions on file, together with the

19  affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is

20  entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194,

21  1197 (9th Cir. 1996); *Vannah v. Lincoln Gen. Ins. Co.*, 2013 WL 12129940, at *1 (D. Nev. July

22  30, 2013); *Bank of New York Mellon v. Meister Park Homeowners Ass'n*, 2018 WL 1903119, at

23  *1 (D. Nev. Apr. 20, 2018). In order to carry its initial burden of production, the moving party

24  must either produce evidence negating an essential element of the nonmoving party's claim or

25  defense or show that the nonmoving party does not have enough evidence of an essential element

26  to carry its ultimate burden of persuasion at trial. *Cruz v. Sables, LLC*, 2018 WL 1400971, at *1

27  (D. Nev. Mar. 20, 2018).

28      Once the moving party satisfies its initial burden, the burden then shifts to the opposing

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1    party to establish that a genuine issue of material fact exists. *Bank of New York Mellon*, 2018 WL

2    1903119, at *2. To successfully establish a genuine question of fact, the non-moving party must

3    point to facts supported by the record. *Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736 (9th

4    Cir. 2000); *Progressive Cas. Ins. Co. v. Delaney*, 2012 WL 3598274, at *1 (D. Nev. Apr. 20,

5    2012). In doing so, the nonmoving party "must do more than simply show that there is some

6    metaphysical doubt as to the material facts." *Cruz v. Sables*, 2018 WL 1400971, at *1. Put

7    differently, the mere existence of a scintilla of evidence in support of the plaintiff's position that

8    is merely colorable or not significantly probative will be insufficient to establish a genuine

9    dispute. *Progressive Cas. Ins. Co.,* 2012 WL 3598274 at *1.

10   **B.     MFS'S ACTIONS DID NOT VIOLATE THE FDCPA**

11      ***i.     15 U.S.C. § 1692c(c)***

12          Plaintiff alleges that MFS's correspondence dated October 18, 2017 violated 15 U.S.C. §

13   1692c(c) by demanding payment "in the presence of an explicit cease and desist letter." (Dkt. 1,

14   ¶¶ 11-16). 15 U.S.C. § 1692c(c) restricts the communication debt collectors can engage in

15   consumers after the consumer notifies the debt collector in writing to cease communication.

16   Specifically, 15 U.S.C. § 1692c(c) provides:

> (c) Ceasing communication: If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except: (1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

23   15 U.S.C. § 1692c(c).

24          Pursuant to the plain language of the FDCPA, communication which advises the

25   consumer that a debt collector's further collection efforts are being terminated is not a violation

26   of § 1692c(c)(1); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1169 (9th Cir.

27   2006) (*quoting* § 1692c(c)(1)); *Kerwin v. Remittance Assistance Corp.*, 559 F. Supp. 2d 1117,

28   1124 (D. Nev. 2008) (same). Simply put, the portion of MFS's correspondence that advises

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

- 4 -

1    Plaintiff that further collection efforts would be terminated is in compliance with 15 U.S.C. §

2    1692c(c)(1), not a violation.

3         Moreover, communication which notifies that consumer that the debt collector or creditor

4    may invoke specific remedies which are ordinarily invoked by such a debt collector or creditor is

5    not a violation of 15 U.S.C. § 1692c(c). Specifically, the Ninth Circuit has adopted the

6    proposition that an offer or settlement without the threat of litigation is an example of a specific

7    remedy within the meaning of the articulated exceptions to the prohibition from further

8    communication in 15 U.S.C. § 1692c(c); *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th

9    Cir. 2012) (a settlement offer is an example of a "specified remedy.")

10        *Flores v. Collection Consultants of California*, 2015 WL 4254032 (C.D. Cal. Mar. 20,

11   2015) and *Zand v. Mandarich Law Grp., LLP*, 2013 WL 4516093 (C.D. Cal. Aug. 19, 2013) are

12   instructive in this regard. In *Flores*, the plaintiff incurred a debt which was assigned to the

13   defendant debt collection company for collection purposes. *Flores v. Collection Consultants of*

14   *California*, 2015 WL 4254032 at *1. After receiving an initial correspondence from the

15   defendant, the plaintiff responded by disputing the debt. *Id.* Thereafter, the defendant sent a letter

16   to the plaintiff which offered a discounted settlement to resolve the debt. *Id.* After receiving the

17   second letter, the plaintiff filed a lawsuit alleging that the defendant's second letter violated §

18   1692c(c). *Id.* at *2. The defendant moved to dismiss, arguing that the correspondence at issue

19   was a clear and unambiguous offer to settle. *Id.* Critical to this motion, the Court held that one

20   non-threatening offer to settle fell within the exceptions to the general prohibitions set forth in §

21   1692c(c). *Id.*

22        In *Zand v. Mandarich Law Grp., LLP*, the plaintiff demanded that the defendant cease

23   and desist all future communications with the plaintiff. *Zand v. Mandarich Law Grp., LLP*, 2013

24   WL 4516093 at *2. In response, the defendant sent an additional letter to the plaintiff stating,

25   *inter alia*, that the defendant intended to take legal action if the matter is not resolved within a

26   certain number of days. *Id.* The defendant moved to dismiss, arguing that the letter sent after the

27   cease and desist notice fell within an enumerated exception to 15 U.S.C. § 1692c(c) – that is, to

28   notify the debtor that the debt collector or creditor may invoke a specific remedy normally

1    available to such debt collector or creditor. *Id.* The Court agreed, dismissing the plaintiff's 15

2    U.S.C. § 1692c(c) claim as the letter fell within the exceptions to the general prohibitions set

3    forth in 15 U.S.C. § 1692c(c). *Id.* at *3.

4        Here, MFS's October 18, 2017 correspondence includes an offer to settle in compliance

5    with § 1692c(c). Lucas Dec. Ex. C. On October 5, 2017, Plaintiff sent correspondence to MFS

6    disputing the debt at issue. Lucas Dec. Ex. B. In response, on October 18, 2017, MFS sent

7    correspondence advising Plaintiff that further collection efforts would be terminated, indicating

8    that the debt would continue to be due and advising Plaintiff that it can contact MFS if it wished

9    to resolve the debt. Lucas Dec. Ex. C. Indicating to Plaintiff that the debt would continue to be

10   due and offering to settlement the debt are specific remedies for which a debt collector is entitled

11   to invoke. Accordingly, MFS has established its *prima facie* entitlement to summary judgment in

12   this regard.

13       Ultimately, Plaintiff's claim boils down to the argument that a single letter including an

14   offer to settle in the presence of a cease and desist letter is a violation of 15 U.S.C. § 1692c(c).

15   That argument is foreclosed by the plain language of the FDCPA and by the cases cited herein

16   interpreting 15 U.S.C. § 1692c(c). Accordingly, MFS's Motion for Summary Judgment must be

17   granted in that regard.

18       ***ii.    15 U.S.C. § 1692d***

19       Plaintiff alleges that MFS violated 15 U.S.C. § 1692d by sending its October 18, 2017

20   correspondence even though it had previously received Plaintiff's cease and desist letter. This

21   claim is unsupported by the record and must be dismissed.

22       Plaintiff's 15 U.S.C. § 1692d claim piggy backs on the factual basis for the 15 U.S.C. §

23   1692c(c) claim disposed of above. Put differently, Plaintiff alleges that the "demand for

24   payment" included in MFS's October 18, 2017 correspondence constitutes a violation of §

25   1692d. The Complaint is devoid of any other facts which would support a 15 U.S.C. § 1692d

26   claim. Accordingly, as MFS has established the language included in its letter was compliant

27   with 15 U.S.C. § 1692c(c), it similarly fails on a § 1692d claim.

28       In support of Plaintiff's 15 U.S.C. § 1692d claim, the Complaint again cites the same two

cases as above for the conclusion that the alleged conduct can constitute a violation of 15 U.S.C. § 1692d. However, the Opinions in both cases cited in the Complaint do not even address 15 U.S.C. § 1692d. *See Cruz v. International Collection Corp.*, 673 F.3d at 998; *Montgomery v. Shermeta, Adams & Von Allmen, P.C.*, 885 F. Supp. 2d at 855. Indeed, there is good reason for not doing so, as the allegations surrounding this action do not implicate the underlying purpose of § 1692d.

15 U.S.C. § 1692d provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Specifically, 15 U.S.C. § 1692d articulates conduct that is a violation of the section:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person; (2) the use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader; (3) the publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title; (4) the advertisement for sale of any debt to coerce payment of the debt; (5) causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and (6) except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

MFS has established it did not violate 15 U.S.C. § 1692d. As articulated in the affidavit of Shaun Lucas, MFS did not take any action to attempt to collect Plaintiff's debt subsequent to receipt of Plaintiff's October 5, 2017 letter. Lucas Dec., ¶ 7. Regardless, the Complaint does not allege that MFS engaged in any conduct which would encompass a potential violation of 15 U.S.C. § 1692d. The conduct contemplated in 15 U.S.C. § 1692d is not at issue in this action. The Complaint does not allege that MFS engaged in the threat of violence when it communicated with Plaintiff. The Complaint does not allege that MFS used obscene or profane language in its communication with Plaintiff.

1        Ultimately, Plaintiff's unsupported conclusion that the act of sending a single

2    correspondence violated 15 U.S.C. § 1692d must be rejected. (Dkt. 1, ¶¶ 16, 18). Accordingly,

3    MFS's Motion for Summary Judgment must be granted in that regard.

4        ***iii.    15 U.S.C. § 1692e***

5        Plaintiff alleges that MFS violated 15 U.S.C. § 1692e by reporting Plaintiff's debt to

6    credit reporting agencies without notification or notation that Plaintiff had previously disputed

7    the debt. (Dkt. 1, ¶¶ 20-21). 15 U.S.C. § 1692e states that debt collector may not use any false,

8    deceptive, or misleading representation or means in connection with the collection of any debt.

9    15 U.S.C. § 1692e(8) prohibits a debt collector from communicating or threatening to

10   communicate to any person credit information which is known or which should be known to be

11   false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. §

12   1692e(8).

13       Summary judgment is appropriate where a defendant establishes that, contrary to the

14   plaintiff's allegations, it did in fact report a debt as disputed. *See, e.g.*, *Davis v. Nationwide*

15   *Collection Agencies, Inc.*, 2018 WL 3020440, at *2 (E.D. Mich. June 18, 2018) (the affidavit

16   provided by the defendant showed the accounts were plainly marked disputed, signified by the

17   use of designation "XB"); *Green v. Midland Funding, LLC*, 2018 WL 1146877, at *2 (E.D.

18   Mich. Jan. 29, 2018), *report and recommendation adopted*, 2018 WL 1141800 (E.D. Mich. Mar.

19   2, 2018); *Davis v. Nationwide Collection Agencies, Inc.*, 2018 WL 3020440, at *2 (E.D. Mich.

20   June 18, 2018) (same); *Fulton v. Equifax Info. Servs., LLC*, 2016 WL 5661588, at *3 (E.D. Mich.

21   Sept. 30, 2016) (noting that the defendant communicated the dispute to the Credit Reporting

22   Agency by use of the "XB" compliance code.")

23       Here, the Declaration of Shaun Lucas establishes that MFS did not violate 15 U.S.C. §

24   1692e or 15 U.S.C. § 1692e(8). As stated in the Lucas Declaration, prior to October 5, 2017,

25   MFS reported Plaintiff's account to the Credit Reporting Agencies as an open collection account.

26   Lucas Dec., ¶ 8. Upon receipt of Plaintiff's October 5, 2017 correspondence, MFS modified its

27   reporting to reflect that Plaintiff's debt was disputed. Lucas Dec., ¶ 9. MFS did so by sending the

28   Credit Reporting Agencies the spreadsheets attached to the Lucas Declaration, which included

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

the XB dispute compliance code to signify that Plaintiff's account was disputed. Lucas Dec, Exhibit D. The Lucas Declaration is consistent with MFS's Interrogatory responses, which state in pertinent part:

> Interrogatory 10: State whether you have reported or have had reported on your behalf to any credit reporting agency or other third party any information regarding Plaintiff or his purported debt, and, if so, identify each such credit reporting agency or other person, and state in detail and with particularity the nature and substance of the information so reported, the dates when such reports were made, any subsequent contact or instruction and the substance, date or method or manner by which such subsequent contact or instruction occurred, the current status of such report with regard to the information contained in your answer hereto, and identify all documents relevant, related to, or reflected such reports.
>
> Response: Prior to October 5, 2017, Defendant reported Plaintiff's account to the Credit Reporting Agencies as an open collection account. Upon receiving Plaintiff's letter dated October 5, 2017, Defendant modified its reporting to reflect that Plaintiff's account was disputed.

Gilmore Dec., Exhibit 1, Exhibit Pages 12-13.

MFS has established it complied with the FDCPA by updating its reporting to reflect that Plaintiff's debt was noted as disputed to the Credit Reporting Agencies after MFS received Plaintiff's October 5, 2017 correspondence. *See Green*, 2018 WL 1146877 at *2; *Davis*, 2018 WL 3020440 at *2.

As previously stated in Par I *supra*, because MFS carried its initial burden in moving for summary judgment on Plaintiff's 15 U.S.C. § 1692e claim, the burden shifts to Plaintiff to establish that a genuine issue of material fact exists. In responding to MFS's Request for Production of Documents, Plaintiff withdrew the factual allegations underpinning her 15 U.S.C. 15 U.S.C. § 1692e cause of action:

> Document Demand No: 7: Any documents or evidence that supports Plaintiff's allegation that MFS is reporting the debt at issue in the Complaint to the credit reporting agencies as not disputed.
>
> Response: None. Plaintiff withdraws that assertion. Defendant indeed failed to note its account's disputed status on the credit report of Plaintiff's spouse, Elbert Walker….

1    Gilmore Dec., Exhibit 4, Exhibit Page 52.

2         Put plainly, through discovery, MFS has established that Plaintiff's 15 U.S.C. § 1692e

3    claims are meritless. Mr. Lucas' Declaration and Plaintiff's discovery responses highlighted

4    above illustrate that the record is devoid of any admissible evidence to substantiate the claim that

5    MFS violated 15 U.S.C. § 1692e. Accordingly, MFS's Motion for Summary Judgment must be

6    granted in that regard.

7         **C.    PLAINTIFF'S INVASION OF PRIVACY CLAIM FAILS**

8         Plaintiff's claim for invasion of privacy fails because Plaintiff has not provided any

9    evidence which would support allegation that an intentional intrusion occurred or that any

10   intrusion was highly offensive to a reasonable person.

11        "To recover for the tort of intrusion, a plaintiff must prove the following elements: (1) an

12   intentional intrusion (physical or otherwise); (2) on the solitude or seclusion of another; (3) that

13   would be highly offensive to a reasonable person." *Goldberg v. Cent. Credit Mgmt., Inc.*, 2012

14   WL 6042194, at *4 (D. Nev. Dec. 3, 2012) (*quoting People for Ethical Treatment of Animals v.*

15   *Bobby Berosini, Ltd.*, 895 P.2d 1269, 1279 (Nev. 1995)). In the context of actions alleging debt

16   collection violations, a plaintiff has a cause of action under Nevada law for invasion of privacy

17   where a plaintiff can show "unreasonable intrusion upon her seclusion." *Wellesley v. Chief Fin.*

18   *Officer*, 2010 WL 2926162, at *3 (D. Nev. July 20, 2010) (*quoting Pittman v. J.J. Mac Intyre*

19   *Co. of Nev., Inc.*, 969 F.Supp. 609, 613–14 (D. Nev. 1997) (citations omitted)).

20        At the outset, this Court has routinely dismissed actions where the record does not

21   support a claim for invasion of privacy. *See, e.g., Leff v. Bank of New York Mellon*, 2015 WL

22   8664249, at *3 (D. Nev. Dec. 11, 2015); *Aquino v. PNC Mortg.*, 2015 WL 6432944, at *2 (D.

23   Nev. Oct. 21, 2015), *aff'd*, 713 F. App'x 681 (9th Cir. 2018); *Berkowitz v. Bayview Loan*

24   *Servicing, LLC*, 2014 WL 3734370, at *3 (D. Nev. July 25, 2014); *Goldberg v. Cent. Credit*

25   *Mgmt., Inc.*, 2012 WL 6042194, at *4 (D. Nev. Dec. 3, 2012). In fact, in *Abad v. Ocwen*

26   *Servicing*, LLC, 2017 WL 4518685 *1 (D. Nev. Oct. 7, 2017), the Defendant moved for

27   summary judgment and this Court refused to even acknowledge Plaintiff's thinly pled invasion

28   of privacy claim as a separate cause of action – denying it outright.

1    This Court has also rejected invasion of privacy claims where the communication at issue

2    is singular or sporadic, and where the plaintiff does not specify with detail the volume of

3    correspondence, the nature of the correspondence and the location of the plaintiff when he

4    received the calls. *See Toth v. Stephens & Michaels Assocs., Inc.*, 2014 WL 5687418, at *4 (D.

5    Nev. Nov. 4, 2014); *see also Wellesley v. Chief Fin. Officer*, 2010 WL 2926162, at *3 (D. Nev.

6    July 20, 2010).

7    Here, the record is devoid of any factual averment which relates to the elements of a

8    cause of action for invasion of privacy. Put differently, the conduct MFS is alleged of

9    committing cannot maintain a cause of action for invasion of privacy. Indeed, Plaintiff's own

10   discovery responses admit that Plaintiff did not speak with a representative of MFS relating to

11   her debt. Gilmore Dec., Exhibit 4. Put plainly, Plaintiff did not sufficiently plead this claim and

12   MFS has established that its conduct is not within the purview of a cognizable action for invasion

13   of privacy. Accordingly, MFS's Motion for Summary Judgment must be granted in that regard.

**CONCLUSION**

15   For the reasons stated herein, Monterey Financial Services, Inc. respectfully requests this

16   Court grant its Motion for Summary Judgment in its entirety.

17   DATED:        September 7th, 2018.

18                                         ROBISON, SHARP, SULLIVAN & BRUST
                                           71 Washington Street
19                                         Reno, Nevada 89503

20                                         By:  /s/ Frank C. Gilmore
                                           FRANK C. GILMORE

**CERTIFICATE OF SERVICE**

1

2          Pursuant to FRCP 5(b), I certify that I am an employee of Robison, Sharp, Sullivan &

3  Brust, and that on this date I caused to be served a true copy of  **MOTION FOR SUMMARY**

4  **JUDGMENT** on all parties to this action by the method(s) indicated below:

5

6  ____   by placing an original or true copy thereof in a sealed envelope, with
             sufficient postage affixed thereto, in the United States mail at Reno,
7            Nevada, addressed to:

8                  Mitchell D. Gliner, Esq.
                   3017 W. Charleston Blvd., Suite 95
9                  Las Vegas, Nevada 89102

10  _X__   by using the Court's CM/ECF Electronic Notification System addressed to:

11                 Mitchell D. Gliner, Esq.
                   Email:  mgliner@glinerlaw.com
12

       ____   by placing an original or true copy thereof in a sealed envelope for personal
13            delivery/hand delivery of original addressed to:

14                  Mitchell D. Gliner, Esq.
                    3017 W. Charleston Blvd., Suite 95
15                  Las Vegas, Nevada 89102

16  ____   by facsimile (fax) addressed to:

17  ____   by Federal Express/UPS or other overnight delivery addressed to:

18         DATED:  This 7th day of September, 2018.

19

20                                        _____/s/ Mary Carroll Davis_____
                                          Employee of Robison, Sharp, Sullivan & Brust
21

22

23

24

25

26

27

28